1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| MARY JANE AUSTIN, | CASE NO. 3:14-cv-2148-GPC-BGS |
| Plaintiff, | **ORDER:** |
| v. | **(1) SUA SPONTE DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM;** |
| UNITED STATES GOVERNMENT, STATE OF CALIFORNIA, COUNTY OF SAN DIEGO, CITY OF SAN DIEGO, and SAN DIEGO MRTROPLIPAN TRANSIT, | **(2) DENYING PLAINTIFF'S MOTION TO DIRECT SERVICE** |
| Defendants. | **[ECF No. 16]** |

19
20

## I. INTRODUCTION

21        On September 10, 2014, Plaintiff Mary Jane Austin ("Plaintiff"), proceeding pro

22   se, commenced this action against defendants United States Government, State of

23   California, County of San Diego, City of San Diego, and San Diego Mrtroplipan

24   Transit. (ECF No. 1) On October 20, 2014, this Court granted Plaintiff leave to proceed

25   in forma pauperis ("IFP") under 28 U.S.C. § 1915(a) and sua sponte dismissed

26   Plaintiff's complaint for failure to state a claim. (ECF No. 8.) On November 12, 2014,

27   Plaintiff filed a motion for extension of time to file her amended complaint, (ECF No.

28   10), which the Court granted. (ECF No. 11.) On February 27, 2015, Plaintiff filed her

First Amended Complaint ("FAC"). (ECF No. 13.) Finding that Plaintiff's FAC fails to state a claim, the Court sua sponte **DISMISSES WITHOUT PREJUDICE** Plaintiff's FAC.

## II. FACTUAL ALLEGATIONS

Based on the foregoing, Plaintiff alleges that defendants "the U.S. Government personnel, State of California, County of San Diego, City of San Diego, and The San Diego Metropolitan Transit" conspired to violate her civil rights through "threats, physical harm and falsifying documents." (ECF No. 13, at 1–2.)[1] It appears that Plaintiff is attempted to allege causes of action: (1) violation of 42 U.S.C. § 1985 (based on Plaintiff's citation to *Carpenters v. Scott*, 463 U.S. 825 (1983)); (2) violation of 42 U.S.C. § 1983; (3) violation of the Civil Rights Act of 1964; and (4) violation of the Americans with Disabilities Act of 1990; and (5) claims under the Federal Tort Claims Act. (*Id.* at 2–3.)

Plaintiff alleges that "U.S. Governmental personnel, State of California, Cunty of San Diego, City of San Diego, and The San Diego Metropolitan Transit did carry out this threat against plaintiff" "to violate her Constitution Rights [sic] with threats, physical harm and falsifying documents." (*Id.* at 1–2.) Plaintiff further alleges that "[t]he defendant continue [sic] to commit crimes against plaintiff" and that "Plaintiff and her family had a contract placed on their lives, evicted, poison, medical evidence wrote [sic], and medical records given to police." (*Id.* at 2.) Plaintiff also alleges that "San Diego State University continues to discriminate and harass plaintiff." (*Id.* at 3.) Plaintiff also alleges that the "state hearing judge did conspire to hindering with obstructing, due course of justice in the State [sic]." (*Id.* at 4.)

## III. LEGAL STANDARD

A complaint filed by any person proceeding IFP pursuant to § 1915(a) is subject to mandatory sua sponte review and dismissal by the Court if it is "frivolous, or

---

[1] Pursuant to Plaintiff's reference to the Fourteenth Amendment and *Carpenters v. Scott*, 463 U.S. 825 (1983), (*see* ECF No. 13, at 1–2), the Court construes Plaintiff's FAC as a cause of action for violation of 42 U.S.C. § 1985(3).

malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

The requirements under 28 U.S.C. § 1915(e)(2)(B)(ii) are analogous to those under Federal Rule of Civil Procedure 12(b)(6). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). To state a claim upon which relief may be granted "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In reviewing a complaint for whether it fails to state a claim on which relief may be granted, the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

/ /

### III. DISCUSSION

The Court will address each of the alleged factual bases in turn.

First, Plaintiff alleges that the U.S. government is liable under the FTCA because the IRS "with healed [sic]" her "earn [sic] check," did not call her when she applied for a job, and "commit[s] criminal acts on people." (ECF No. 13, at 4.) However, Plaintiff's complaint does not allege that she was entitled to a check from the IRS nor does it allege what "criminal acts" the IRS committed. (*Id.*) Additionally, failure to call a job applicant is not tortious conduct that the U.S. would be subject to liability for under the FTCA. *See* 28 U.S.C. § 1346(b)(1). Accordingly, the Court finds that the allegations regarding the IRS fail to state a claim upon which relief can be granted.

Second, Plaintiff alleges that "defendants did Conspire by force of intimidation, threat to deprive the plaintiff of necessary medical equipments need to attend a court of the United States from testifying [sic]." (ECF No. 13, at 4.) Again, Plaintiff's complaint does not specifically allege who actually deprived Plaintiff of medical equipment nor does it allege that she was somehow entitled to medical equipment from that defendant. Accordingly, the Court finds that the allegations regarding the alleged conspiracy fail to state a claim upon which relief can be granted.

Third, Plaintiff alleges that she was "injured by an action." (ECF No. 13, at 4.) Yet Plaintiff fails to adequately allege what this "action" is and also fails to allege how that "action" is a cognizable cause of action under the Civil Rights Act of 1964 or the Americans with Disabilities Act of 1990. Accordingly, the Court finds that the allegations regarding an "action" under the ADA and CRA fail to state a claim upon which relief can be granted.

Fourth, Plaintiff alleges that an "accident was caused by the city bus her legs began to swell [sic]." (ECF No. 13, at 5.) However, Plaintiff fails to show how this amounts to a violation of 42 U.S.C. § 1983 which requires a deprivation of constitutional rights and Plaintiff does not show how an automobile accident amounts to a constitutional violation. Accordingly, the Court finds that the allegations regarding

the automobile accident fail to state a claim upon which relief can be granted.

Fifth, Plaintiff alleges that a representative from the United States Department of Justice "allowed government employees to give people money she know who was violating." (ECF No. 13, at 6.) Here Plaintiff has failed to allege how this alleged transfer of money is a viable cause of action. Accordingly, the Court finds that the allegations regarding the DoJ and HUD fail to state a claim upon which relief can be granted.

Sixth, Plaintiff alleges that the "State of California has allowed state judges to deny me justice in the medical" and that there is "documentation which would prove people working for the state were lying." (ECF No. 13, at 6.) She also alleges that the HUD gave the City of San Diego money to build "racial housing" and "not to let people move in new housing in San Diego on Broadway Street who made under $17,00 per year [sic]." (*Id.*) Again, Plaintiff has failed to allege how these actions represent a viable cause of action. Accordingly, the Court finds that the allegations regarding the State of California and HUD fail to state a claim upon which relief can be granted.

As all of Plaintiff's alleged factual bases have failed to state a claim upon which relief can be granted, the Court DISMISSES without prejudice Plaintiff's FAC, (ECF No. 13). Additionally, as the IFP statute requires a sua sponte screening that Plaintiff's complaint has not yet passed, it is not yet appropriate to direct service. Accordingly, the Court DENIES without prejudice Plaintiff's motion to direct service, (ECF No. 16).

## IV. CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's FAC, (ECF No. 13), is sua sponte **DISMISSED without prejudice**;

2. The Court **GRANTS** Plaintiff **thirty (30) days** from the date this Order is stamped "Filed" to file an amended complaint that addresses the pleading deficiencies noted above. Plaintiff's amended complaint must be complete in itself without reference to the superseded pleading in

accordance with Civil Local Rule 15.1. Defendants not named and all claims not re-alleged in the amended complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); and

3.   Plaintiff's Motion to Direct Service, (ECF No. 16), is **DENIED without prejudice**.

DATED:  August 25, 2015

HON. GONZALO P. CURIEL
United States District Judge